UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| GRANGE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:19-CV-216 |
| | ) |
| THE STEVE TOLLEY AND | ) |
| PAM NELSON JOINT VENTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties' competing Motions for Summary Judgment. [Docs. 47, 51]. The dispute in this matter involves interpretation and application of an automobile insurance policy. Defendants contend Plaintiff is required to cover Defendant Tolley's damages arising from injuries sustained when an uninsured motorist collided with Tolley while he was riding a bicycle. Plaintiff takes the position that injuries from a bicycle accident are not covered by the insurance policy issued to Defendant Steve Tolley and Pam Nelson Joint Venture and further asserts that Defendant Tolley was not covered by the policy in his individual capacity. These motions are now ripe for resolution.

**I. FACTUAL BACKGROUND**

Plaintiff Grange Insurance Company alleges that Defendant Steve Tolley wrongly demanded uninsured motorist coverage through an insurance policy ("the policy") issued by Plaintiff to Defendant Steve Tolley and Pam Nelson Joint Venture ("the Joint Venture"). [Doc. 1, p. 1, 3-4]. The Complaint notes that the policy in question was issued to the Joint Venture on

October 29, 2018. [Doc. 1, p. 3]. Then on April 10, 2019, Defendant Tolley was hit by an SUV while riding a bicycle in South Carolina. *Id.* Defendant Tolley later sent a demand letter to Plaintiff seeking uninsured motorist coverage through the Joint Venture's policy. *Id.* Plaintiff asserts that the Tennessee Uninsured Motorist Coverage provision of the Joint Venture's policy does not extend to harm caused as a result of the collision at issue. [Doc. 1, p. 5]. In its Complaint, Plaintiff specifically asks the Court to declare that: (1) Defendant Tolley is not an "insured" person under the Joint Venture policy; (2) Defendant Tolley's bicycle did not qualify as a "covered auto" under the policy; and (3) Defendant Tolley is not entitled to coverage under the Joint Venture's policy for damages caused to Defendant when he was struck while riding a bicycle in South Carolina. [Doc. 1, p. 6]. A copy of the insurance policy in question was attached to the Complaint. [Doc. 1-1].

Defendants filed an Answer [Doc. 17] in which they acknowledged this action arose from a claim for uninsured motorist coverage under the policy attached to the Complaint as Exhibit 1. [Doc. 17, p. 1-3]. Defendants deny the commercial auto insurance policy was issued exclusively to the Joint Venture but instead characterize the policy as covering Defendant Tolley and Defendant Nelson as husband and wife. *Id.* While Defendants initially asserted the following affirmative defenses: (1) comparative fault; (2) failure to name an indispensable party; (3) failure to state a claim under Tennessee Code Annotated § 56-7-1201; and (4) failure to state a claim upon which relief may be granted. [Doc. 17, p. 6-7], they were ultimately stricken. [Docs. 39, 44]. Thereafter, both Plaintiff and Defendants thereafter filed Motions for Summary Judgment [Docs. 47, 51].

Defendants set forth the following argument for a grant of summary judgment in their favor:

> *As a matter of law*: Mr. Tolley *was* a "named insured" under the policy by either its express terms or due to how any ambiguity therein in defining a "named insured" is to be construed under Tennessee substantive law; and, coverage as contemplated herein cannot be denied to Mr. Tolley just because he was riding his bicycle at the time he was struck and injured by an underinsured motor vehicle under the *controlling authority* of *Dupree v. Doe*, which allowed an insured to recover under his Tennessee uninsured-motorist-insurance policy after he was struck and injured by an uninsured motor vehicle while riding a bicycle. *Dupree v. Doe*, 772 S.W.2d 910, 910–11 (Tenn. Ct. App. 1988).

[Doc. 47, p. 1-2] (emphasis in original). A Statement of Material Facts [Doc. 49] and a Memorandum in Support [Doc. 50] accompanied Defendants' filing. Defendants' Statement of Material Fact [Doc. 49] asserts (1) the policy at issue is the sole exhibit offered to Plaintiff's Complaint, (2) the policy is properly authenticated and is admissible, (3) the policy had a Tennessee Uninsured Motorists Coverage endorsement, (4) the policy was in effect from October 4, 2018 through October 4, 2019, and (5) Steve Tolley was struck and injured while riding his bicycle on April 10, 2019.  In their Memorandum, Defendants begin by asserting that the law of Tennessee applies to this matter [Doc. 50, p. 3-4].

Addressing their first substantive argument, Defendants submit that Defendant Tolley was a named insured either under the express terms of the policy or alternatively based upon the common law policy of construing insurance contract language "against the insurance company and in favor of the insured" where a contract's language is "susceptible of more than one reasonable interpretation. . . ." [Doc. 50, p. 6-8] (citing *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993)).

In support of their argument that the policy's unambiguous language supports concluding that Defendant Tolley was a covered individual under the policy, Defendants point out the "named insured" list in the policy reads as follows:

> STEVE TOLLEY
> PAM NELSON
> 158 CHARLIE CARSON RD
> JONESBOROUGH, TN 37659.

[Doc. 50, p. 7] (emphasis omitted). Defendants submit that by Defendant Tolley's individual name being included in this list, he must be considered an insured under the policy. *Id.* Defendants alternatively assert that even if this language is considered ambiguous, Defendant Tolley must be treated as a named insured because of the requirement that ambiguities be resolved in favor of coverage, given that his individual name is contained in the list of covered insureds. [Doc. 50, p. 7]. Defendants cite to additional cases that accord with *Tata* to further advance this argument. [Doc. 50, p. 7-8].

Addressing their second substantive argument, Defendants submit that the policy does not require Mr. Tolley be occupying an auto to be covered by its uninsured motorist provision. [Doc. 50, p. 9-10]. Defendants submit that the Tennessee uninsured motorist statute extends coverage to any person insured under a policy's uninsured motorist provision even where those insureds are riding a bicycle rather than traveling as a pedestrian or occupying a car. *Id.* (citing *Dupree*, S.W. 2d at 910).

As noted above, Plaintiff has filed its own Motion for Summary Judgment, a Memorandum in Support and a Statement of Material Facts [Docs. 51-53 and 54], as well as a Response to Defendants' Motion and Statement of Material Facts [Docs. 52, 54-55].[1] In Plaintiff's Motion for Summary Judgment, as it did in its Complaint, the insurance company asserts that Mr. Tolley was not insured as a matter of law because the policy at issue only "covered 'autos' designated by the Joint Venture." [Doc. 51, p. 1].[2]

Plaintiff's Response to Defendants' Statement of Material Facts [Doc. 55] stated that it (1)

---

[1] The Court notes that the contents of ECF Documents 52 (Plaintiff's Memorandum in Support of Motion for Summary Judgment) and 54 (Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment) are identical and both titled "Plaintiff Grange Insurance Company's Response and Memorandum in Support of Summary Judgment to Defendants' Motion for Summary Judgment;" therefore, the Court will cite to both documents for clarity of the record.

[2] The Court notes that Plaintiff does not dispute the applicability of the laws of Tennessee to the instant action. [Docs. 52, 54].

admitted the commercial insurance policy is the only exhibit appended to the Complaint, (2) admitted relevant portions of the commercial policy have been authenticated and would be admissible subject to redactions, (3) admitted the commercial insurance policy has a Tennessee Uninsured Motorist endorsement subject to terms, conditions, limitations, definitions, and exclusions but denied any characterization which differs from or is contrary to those provisions, (4) admitted the commercial insurance policy was in effect from October 4, 2018 through October 4, 2019 according to the policy's declaration page, and (5) admits Defendant Tolley was allegedly struck while riding a bicycle in South Carolina and sustained injuries as a result.

In Plaintiff's Statement of Material Facts [Doc. 53], Plaintiff asserts that: (1) the policy is the sole exhibit to Plaintiff's Complaint, (2) the policy was a Tennessee commercial automobile policy that was in effect on April 10, 2019, (3) the policy contained an uninsured motorist endorsement, (4) the policy's declarations page lists the named insured's legal entity as being a joint-venture, (5) the policy's declarations page lists "New Business" as "Reason Insured" under the policy, (6) Defendant Steve Tolley was struck and injured while riding his bicycle on April 10, 2019 in South Carolina, (7) the only autos listed on the declaration page under Item 3 are two 2007 Dodge 1500 trucks and one Spartan Cargo trailer, and (8) Defendant Steve Tolley was not operating either of the two 2007 Dodge Ram 1500 trucks or the Spartan Cargo trailer at the time of the alleged accident.

In support of its Motion for Summary Judgment and in opposition to Defendants' Motion, Plaintiff asserts that the insurance policy at issue was taken out for the benefit of the Steve Tolley and Pam Nelson Joint Venture—a legal entity separate and apart from Plaintiff Tolley and/or Nelson in their personal capacities. [Docs. 52, 54, p. 6-7]. As support for this proposition, Plaintiff directs the Court to the state's definition of joint venture, its application of partnership law to these

entities, and its statutory definition of a joint venture as "distinct from its partners." *Id.* (quoting *Fain v. O'Connell*, 909 S.W.2d 790, 793 (Tenn. 1995); *Federated Stores Realty, Inc. v. Huddleston*, 852 S.W.2d 206, 212 (Tenn. 1992); Tenn. Code Ann. § 61-1-102(a)). Plaintiff argues that Defendants Tolley and Nelson could not rely on the Joint Venture's commercial auto policy while acting in their individual capacities because the Joint Venture is a separate entity under Tennessee law. [Doc. 52, 54, p. 7].

Like Defendants, Plaintiff addresses the topic of insurance policy interpretation and first alleges Defendants wrongly conclude that the policy in question applies to Defendant Tolley in his individual capacity based on the following provision:

a. If the Named Insured is designated in the Declarations as:

   2. An **Individual**, then the following are "insureds":

   > d) The named Insured and any "family members".
   > e) Anyone else "occupying" a covered "auto" or temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   > f) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

   3. A Partnership, Limited Liability Company, Corporation, or **any other form of organization**, then the following are "insureds":

   > a) Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered auto must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   > b) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
   > c) The Named Insured for "property damage" only.

[Doc. 1, p. 38-39; Docs. 52, 54, p. 8]. Interpreting this provision, Plaintiff submits the instant policy is without ambiguity. *Id.* Plaintiff notes the above quoted provision clearly delineates between coverage in policies for individuals and coverage issued to entities such as a joint venture.

*Id.* Plaintiff submits the plain meaning of language in the instant policy—particularly the use of the term "commercial"—supports a finding that the policy's terms are unambiguous and covered only insureds contemplated for "any other form of organization." [Docs. 52, 54, p. 8-9]. Plaintiff expressly rejects the argument that Defendant Tolley is a named insured despite Steve Tolley's and Pam Nelson's names being listed in the named insured column. *Id*. Rather, Plaintiff urges the Court to find that the listing of "Steve Tolley Pam Nelson" merely reflects the informal naming conventions of joint ventures. *Id.* For those reasons, Plaintiff suggests there is no genuine issue of fact as to the question of whom the insurance policy at issue was taken out to insure.

Plaintiff next addresses the issue of whether the insurance policy's uninsured motorist coverage applied to Mr. Tolley when he was riding a bicycle and submits it did not. [Docs, 52, 54, p. 10-12]. In support, Plaintiff directs the Court to an unpublished Tennessee Court of Appeals decision wherein that court upheld a grant of summary judgment against a party seeking coverage under a commercial insurance policy's uninsured motorist provision for damages sustained while travelling in a vehicle other than one of the vehicles expressly listed in the commercial insurance policy. [Doc. 52, 54, p. 10-11 (citing *Holloway v. Purdy*, No. W2007-02795-COA-R3-CV, 2009 WL 1362319 (Tenn. Ct. App. May 15, 2009))]. Plaintiff notes the state appellate court considered that insurance policy's list of insured vehicles in reaching its decision and specifically noted the vehicle in use when the harm occurred was not one covered by that commercial plan. *Id* (citing *Holloway*, 2009 WL 1362319 at *7-8). Applying *Holloway*, Plaintiff points out the policy here listed only three vehicles[3] as being covered and argues state law only permits application of the commercial policy's coverage to those vehicles and designated temporary replacements. [Doc. 52, 54, p. 11-12]. In support of this limited interpretation, Plaintiff cites to "Item 2 – Schedule of

---

[3] Two 2007 Dodge Ram 1500 trucks and one Spartan Cargo trailer. [Doc. 1, p. 11].

Coverages and Covered Autos" under the contract's declarations page which states:

> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will only apply to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by entry of one or more of the symbols from the COVERED AUTOS Section of the Business Auto Coverage Form next to the name of the coverage.

[Doc. 52, 54, p. 3]. Plaintiff then notes that next to the Item 2 limitation is "07" a code listed under the Business Auto Coverage Form which limits coverage to autos specifically listed. *Id*. In support of its averment that this was a contract applicable to only two trucks and a trailer, Plaintiff further directs the Court to the *Holloway* opinion's treatment of policy language there as unambiguous under state law in support of its proposition that the language in the instant policy is also unambiguous as to the scope of coverage. *Id.* (citing *Holloway*, 2009 WL 1362319 at *9-10). Plaintiff submits *Holloway* forecloses the issue of whether a commercial auto insurance policy may apply to activities not involving expressly named vehicles listed as insured under a plan or their temporary substitutes.

Plaintiff additionally attacks Defendants' application of the *Dupree v. Doe* case to the instant matter. [Doc. 52, 54, p. 12-13]. Plaintiff distinguishes *Dupree* from the instant facts because it involved an individual policy rather than a commercial policy. *Id.* Plaintiff then differentiates *Dupree* by also attempting to distinguish *Mullins v. Miller*, 683 S.W.2d 669 (Tenn. 1984), a case the *Dupree* court relied on, from the instant set of facts. [Doc. 52,54 p. 13]. Plaintiff notes that *Mullins* stood for the proposition that damages recoverable under a liability policy must also be recoverable under an uninsured motorist policy and submits this Court is not faced with that question because the policy at issue here restricts coverage for regular liability purposes and uninsured motorist purposes consistently in limiting coverage to the three specifically listed Joint Venture vehicles. *Id.*

Defendants filed a Response in Opposition to Plaintiff's Motion for Summary Judgment [Doc. 56] and a Response to Plaintiff's Statement of Material Facts [Doc. 57]. In the Response to Plaintiff's Statement of Material Facts, Defendants agree with a number of facts set forth by Plaintiff but assert that: (1) "it does not matter if the policy was a commercial or a noncommercial policy under Tennessee law because they are treated the same"; (2) the policy's named insured is not simply the joint venture, claiming instead that Defendants Tolley and Nelson themselves are named insureds; (3) the reason for the policy was not "New Business" because Defendants Tolley and Nelson were named insureds; (4) the auto listing in Item 3 of the declarations page is not a material fact because Defendant Tolley was not required to be occupying a covered auto in order to have coverage under the policy; and (5) in determining coverage, it makes no difference that Defendant Tolley was not operating a listed vehicle at the time he was injured.

In their Response in Opposition to Plaintiff's Motion for Summary Judgment, Defendants first underscore their assertion that Defendant Tolley in his individual capacity was a named insured under the policy at issue and reassert their contention that the damages he sustained while riding his bicycle in South Carolina are compensable under the policy. [Doc. 56, p. 1]. Defendants again contend that *Dupree v. Doe* is binding precedent and should govern this case. *Id.* Defendants note that Plaintiff raised a concern about the lack of discovery in its pleadings, argue Plaintiff should not have filed a cross-motion for summary judgment, and suggest Plaintiff should have instead requested that review of Defendants' motion be delayed until after discovery. [Doc. 56, p. 2].

Defendants next contest Plaintiff's assertion that Steve Tolley was not covered because the policy in question was commercial rather than personal. [Doc. 56, p. 3]. In support of their argument, Defendants direct the Court to Tennessee Code Annotated § 56-7-1201 through 1206

and *Christenberry v. Tipton*, 160 S.W.3d 487, 488 (Tenn. 2005). Defendants focus on the Affidavit of Jeana Hall attached to a copy of the insurance policy at issue [Doc. 1, Ex. A] which they assert indicates the instant policy was addressed to Defendants Steve Tolley and Pam Nelson individually. [Doc. 56, p. 5]. Defendants further cite to the "Named Insured and Address" column on the policy's declarations page which lists Steve Tolley Pam Nelson at 158 Charlie Carson Road, Jonesborough, Tennessee 37659. [Doc. 56, p. 9]. Based on their conclusion that Defendant Tolley was a covered individual, Defendants reiterate their position that *Christenberry* and *Dupree* support extension of uninsured motorist coverage to a named insured who is harmed by an uninsured motorist while the named insured is riding a bicycle. [Doc. 56, p. 10]. Defendants further assert Plaintiff's use of a duplicity argument in support of limiting coverage under the instant policy must fail because *Dupree* requires extension of coverage. [Doc. 56, p. 11-12].[4]

In Reply [Doc. 58], Plaintiff suggests Defendants have omitted key portions of the policy in question. [Doc. 58, p. 2]. Plaintiff points the Court to a reproduced portion of the policy declaration page and notes the policy type is listed as commercial auto, the reason for the policy's issuance is new business, and the named insured's legal entity is joint venture. Plaintiff then repeats its argument that the names listed beneath "named insured" were in fact referring to the Joint Venture and not Steve Tolley and Pam Nelson as individuals and further submits the policy does not extend coverage to Defendants Tolley or Nelson in their personal capacities as a result. [Doc. Doc. 58, p. 3-4]. Plaintiff also attacks Defendants' interpretation of the *Dupree* opinion, arguing that the Tennessee Court of Appeals ruling at issue was narrow in scope and merely sought to interpret Tennessee Code Annotated § 56-7-1205 as it pertains to a specific insurance policy's uninsured motorist provision. [Doc. 58, p. 4]. Plaintiff argues § 56-7-1205 permits limitation of

---

[4] The Court notes that Defendants have attacked the use of unreported opinions to rebut *Dupree* and argue that such arguments must fail as a matter of law. In support, Defendants cite to Tennessee Supreme Court Rule 4(G)(2).

uninsured motorist coverage in this matter to the listed autos as doing so prevents duplicate coverage in instances such as Defendant Tolley's accident where there might otherwise be coverage under both a personal and a commercial auto policy. [Doc. 58, p. 5]. Plaintiff went on to distinguish the facts in *Dupree* from those presented to the Court. *Id.*

## II. STANDARD OF REVIEW

"When sitting in diversity, a federal court applies the substantive law of the state in which it sits." *Wayne Cty. Hosp., Inc. v. Jakobson*, 943 F. Supp. 2d 725, 730 (E.D. Ky. 2013) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.2001)). Federal Rule of Civil Procedure 56 sets forth the standard governing summary judgment. Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In properly find for the nonmoving party." *Duncan v. Anderson Cty., TN*, No. 3:20-CV-8-TAV-HBG, 2020 WL 7774905, at *1 (E.D. Tenn. Dec. 30, 2020). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court "must view the evidence in the light most favorable to the non-moving party." *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020). Even viewing facts in this deferential light, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *E. Tennessee Nat. Gas, LLC v. .32 Acres in Jefferson Cty., Tenn.*, No. 3:13-CV-47, 2013 WL 5555044, at *1 (E.D. Tenn. Oct. 7, 2013) (citing *Curtis Through Curtis v. Universal Match Corp.,* 778 F. Supp. 1421, 1423 (E.D. Tenn.1991)(citing *Celotex Corp.*, 477 U.S. at 317)).

Significant precedent is available to guide this Court in determining whether a genuine

issue of material fact exists in the instant action. "A fact is 'material' if it may affect the outcome of the case under the applicable substantive law, and an issue is 'genuine' if the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Koshani v. Barton*, 374 F. Supp. 3d 695, 701 (E.D. Tenn. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 424, 248 (1986)). The Supreme Court has warned that the "mere existence of a scintilla of evidence" will not be sufficient to overcome a summary judgment motion. *Anderson*, 477 U.S. at 252. Stated another way, the non-moving party must demonstrate "there is more than 'some metaphysical doubt as to material facts.'" *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In undertaking this analysis, the Court is cognizant that "[t]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Koshani*, 374 F. Supp. 3d at 701–02 (internal citations omitted).

### III. LEGAL ANALYSIS

The parties rightly assert that Tennessee substantive law applies in the instant action and under that law, "questions regarding the extent of insurance coverage present issues of law involving the interpretation of contractual language." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012); *see e.g. Morsey Constructors LLC v. JMN Rebar LLC,* 448 F. Supp. 3d 812 (M.D. Tenn. 2020). The Tennessee Supreme Court has explained that "[t]he common thread in all Tennessee contract cases—the cardinal rule upon which all other rules hinge—is that courts must interpret contracts so as to ascertain and give effect to the intent of the contracting parties consistent with legal principles." *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc.*, 566 S.W.3d 671, 688 (Tenn. 2019) (collecting cases). This interpretive work becomes necessary upon a finding that contractual language is ambiguous, meaning it is subject to

more than one reasonable interpretation. *Dog House Invs., LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 913 (Tenn. Ct. App. 2014). When a court undertakes this interpretative role, "[e]xclusions and limitations in insurance policies 'must be construed against the insurance company and in favor of the insured.'" *Cornerstone Church of Nashville, Inc. v. Guideone Ins.*, No. 3:20-CV-00956, 2021 WL 1530925, at *4 (M.D. Tenn. Apr. 19, 2021) (quoting *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 (Tenn. 1991)). If a contract remains ambiguous following application of Tennessee's rules of construction, interpretation of the contract shifts to the factfinder. *Zander v. Katz, Sapper & Miller, LLP*, 25 F. Supp. 3d 1055, 1064 (M.D. Tenn. 2014) (citing *Dog House Ivs.*, 448 S.W.3d at 913).

Tennessee courts have long expressed a preference for "textualist principles" in interpreting contracts. *Individual Healthcare Specialists*, 566 S.W. 3d at 692. At the same time, "Tennessee cases have also eschewed an extreme textual approach" and "consider evidence related to the situation of the parties and the circumstances of the transaction in interpreting those words." *Id.* Under this approach, "the words expressing the parties' intentions should be given their usual, natural, and ordinary meaning." *Fletcher v. White,* No. E2009-01199COA-R3-CV, 2010 WL 3715624, at *3 (Tenn. Ct. App. Sept. 22, 2010) (internal citations omitted). The Court "cannot under the guise of construction make a new and different contract for the parties." *Memphis Furniture Mfg. Co. v. Am. Cas. Co.*, 480 S.W.2d 531, 533 (Tenn. 1972). With these principles in mind, the Court turns to the case at hand.

Here, the Court is faced with competing summary judgment motions in a declaratory judgment action regarding the applicability of an automobile insurance policy. Specifically, the parties dispute who is a "named insured" under the policy in question. Defendants contend that because the policy lists "Steve Tolley Pam Nelson" beneath "named insured" that it should extend

coverage to Defendants Tolley and Nelson individually whereas Plaintiff argues the listing merely refers to the Steve Tolley and Pam Nelson Joint Venture formed by those individuals. Plaintiff further notes that the policy's declaration page states the policy was issued this joint venture following its formation.

Applying Tennessee law, the Court must first determine whether Defendant Tolley was covered under the policy in his individual capacity. If the answer is yes, then the Court must determine whether the policy's uninsured motorist coverage extended to Defendant Tolley while he was operating a bicycle, which all parties agree was not a specifically listed "vehicle" under the policy.

a. **To whom was the Grange policy issued?**

Initially, the Court asks whether Defendants Tolley and Nelson as individuals were named insureds under the policy. This analysis is required because "before [a] plaintiff can assert any statutory right to uninsured motorist coverage, she must have been insured under the [auto] policy at the time of the accident." *See Christenberry,* 160 S.W.3d at 493. In ascertaining the parties' intent, the Court began its analysis with a review of the plain language of the contract. Starting on the declaration page, the Court notes the policy lists the named insured's legal entity as a joint venture and the named insured as Steve Tolley Pam Nelson. On the surface, this appears to be a conflict as on one hand the policy seeks to extend coverage to a business entity but seems to name a husband and wife as named insureds. Defendants, however, contend this differentiation does not matter. Under Tennessee law, a joint venture, which is treated like a partnership for purposes of applicable law, is not viewed as a separate legal entity from its members. *Hardy v. Miller*, No. M1998-00940-COA-R3-CV, 2001 WL 1565549, at *4 (Tenn. Ct. App. Dec. 10, 2001); *Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 503 (6th Cir. 1996)

(applying Tennessee law). A joint venture will only be treated as separate when the parties to the transaction treat it as a separate entity for purposes of benefits and liabilities. *Dominion Bank of Middle Tennessee v. Crane*, 843 S.W.2d 14, 19 (Tenn. Ct. App. 1992). While it is true then that a joint venture and its members are legally indistinguishable in this jurisdiction, the policy's language distinguishes coverage under policies issued to business entities such as joint ventures from coverage available to insureds that are individuals. [Doc. 1-1, p. 38-39]; therefore, the Court will review the policy to determine whether it was intended to benefit an individual insured or a business entity.

Defendants contend that this policy covers Steve Tolley and Pam Nelson individually as named insureds. It is true that the policy lists "Steve Tolley Pam Nelson" under named insured; however, a fuller reading of the declarations page clarifies the purposes of the policy. The declarations page states it is a commercial auto policy issued to a newly formed business, and the named insured under the policy operates as a joint venture. [Doc. 1-1, p. 3]. While the policy does not provide a definition of what constitutes a commercial auto policy, the declarations page alternatively refers to this policy's coverage with terms including "commercial auto coverage" and "business auto coverage" and omits language suggesting it is offered to cover any person in their individual capacity. *Id*. This indicates to the Court that the policy by its very terms was created to benefit a business entity—i.e. the joint venture.

Because joint ventures are informal in their formation, it comes as no surprise that a joint venture would merely bear the names of its members in the named insured line. *See Perdue v. Kneedler,* No. M2018-00722-COA-R3-CV, 2019 WL 4447409, at *3 (Tenn. Ct. App. Sept. 17, 2019) (citing *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 45 S.W.3d 588, 605 (Tenn. Ct. App. 2001)). Here, the alleged joint venture could operate simply as Steve Tolley

Pam Nelson without any further formal naming requirements. Given the context provided by the policy as a whole and the informal nature of joint ventures, the Court concludes the policy in question can only be reasonably interpreted as creating an insurance policy for the benefit of a business, specifically the joint venture comprised of Steve Tolley and Pam Nelson

   b. **May Defendant Tolley as a member of the joint venture rely on coverage under the Grange policy's uninsured motorist coverage when operating a bicycle which is not a specifically listed vehicle under the policy?**

Given the Court's conclusion that the policy was issued to the joint venture rather than to Defendants Tolley and Nelson as individuals, the Court next considers whether the policy provided coverage to Defendant Tolley at the time of his injury because of his status as a member of the joint venture although he was not operating a specifically listed vehicle under the policy. As previously stated, Item 2 on the policy's declarations page explains that coverage is expressly limited to autos described with a number code listed in Item 3. [Doc. 1-1, p. 3, 17]. Under Item 3, uninsured motorist coverage is coded with "07" which under the Business Auto Coverage Form corresponds with the limitation of coverage to specifically described autos, making it clear that the only "vehicles" insured thereunder[5] are the two trucks and trailer referenced above. The policy also demonstrates that Defendants' joint venture had the option of purchasing more broad coverage which would have in fact addressed "any owned" vehicles but instead it specifically purchased coverage for these vehicles alone. To interpret the policy in a manner which provides coverage beyond the three listed vehicles would permit Defendants the benefit of broader coverage than what they purchased without requiring them to bear the burden of paying for the additional coverage.

---

[5] As set forth above, covered auto symbol 7 specifically limits policy coverage to only those vehicles listed in the policy or any temporary substitute for those vehicles with the term "term substitute" also being specifically and narrowly defined. [Doc. 1-1, pp. 3, 17, 32].

Because Defendant Tolley was not operating any of the three listed vehicles, the policy coverage would only be available to him if the bicycle was a "temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing 'loss' or destruction." [Doc. 1-1, p. 32]. Defendants have not asserted that the bicycle operated by Defendant Tolley was such a temporary substitute nor that he was engaged in the business of the Joint Venture while operating the bicycle.

Despite the unambiguous policy language, Defendants assert that state law precludes a limitation of auto coverage to listed vehicles and replacements alone and propose that policies must be more expansively construed. It is true that Tennessee law limits exclusions to insurance policy coverage where such exclusions run afoul of state law. Tenn. Code Ann. § 56-7-121. For example, Tennessee Code Annotated § 56-7-1205 permits "terms, exclusions, limitations, conditions, and offsets" in uninsured motorist coverage only if those provisions are "designed to avoid duplication of insurance and other benefits." Applying § 56-7-1205, the Tennessee Court of Appeals set aside express limits on uninsured motorist coverage in a policy that "[l]imit[ed] coverage to injuries received while occupying a motor vehicle or, as a pedestrian" and extended the coverage to a named insured riding a bicycle when struck by an uninsured motorist. *Dupree* 772 S.W.2d at 910–11. The *Dupree* Court opined such a restriction "certainly [did] not fall within the ambit of this section of the code." *Id*. at 911. The Tennessee court reached this conclusion after reviewing an adjoining statutory provision which mandated issuance of uninsured motorist coverage through auto liability policies. *Id*; *see* Tenn. Code. Ann. § 56-7-1201(b) (stating in pertinent part: "[w]ith respect to bodily injury to an insured, at a time when the insured is not occupying any motor vehicle, the insurance on the vehicle under which the injured party is an insured with the highest limits of uninsured motorist coverage shall apply. . . ."). *Dupree*

stated that § 56-7-1201(b) did not restrict coverage under an uninsured motorist provision to only bodily injury sustained while occupying a motor vehicle. *Id.* at 911.

Addressing Defendants' contention regarding the scope of coverage, Plaintiff distinguishes *Dupree* by noting that the instant policy did not name the individual seeking coverage as a named insured; however, the Court does not find that proposition to be supported by applicable law. As noted above, Tennessee law generally treats a joint venture and its members as indistinguishable unless a clear intention has been manifested to the contrary. With that said, Defendant Tolley's coverage would be as a member of the joint venture and not in his individual capacity under the plain language of the policy. To hold otherwise would be to find that the policy at issue was both a commercial and an individual policy all rolled into one when the language of the policy clearly designates it as a commercial policy only. In other words, this Court has determined that Steve Tolley is a proper recipient of coverage under the instant policy's terms but also concludes the Tennessee law does not mandate any reformation of the instant policy to incorporate benefits that might have otherwise been available to a personal insurance policy holder.

In reaching that conclusion, the Court considered Defendants' contention that *Dupree v. Doe,* 712 S.W.2d 910 (Tenn. Ct. App. 1988) prohibits Plaintiff from withholding uninsured motorist coverage to Defendant Tolley merely because he was operating a bicycle as opposed to a motor vehicle, a proposition with which the Court agrees. At the same time, that fact alone is insufficient to answer the question of whether there is coverage available under the policy for the collision at issue. Quoting the Tennessee Supreme Court's opinion in *Mullins v. Miller,* 683 S.W. 2d 669 (Tenn. 1984), the *Dupree* court observed "that the General Assembly has expressed its intention that all damages which can legally be recovered under a liability policy shall also be recoverable under an uninsured motorist policy." In other words, this Court does not interpret

*Dupree* as compelling every auto policy written to cover damages incurred where a covered party is riding a bicycle but rather it holds that if there would have been a duty to provide liability coverage for the incident that there is a corresponding duty to provide uninsured coverage. Had the policy at issue been written to cover all vehicles owned by the joint venture, the question of coverage would be a much more difficult and fact-driven inquiry; however, in this instance the policy at issue provides narrow and specifically defined coverage under which the Court cannot find there to be coverage for Defendant's Tolley's losses.

IV. **CONCLUSION**

Although it appears that Defendant Tolley is covered under the policy at issue in his role as a member of the joint venture, because he was not operating a covered vehicle or a temporary substitute for a covered vehicle at the time of the collision at issue, the Court concludes that no coverage is available to him under the policy at issue. As such, Plaintiff's Motion for Summary Judgment [Doc. 51] is **GRANTED** and Defendants' Motion for Summary Judgment [Doc. 47] is **DENIED**.

SO ORDERED:

s/Cynthia Richardson Wyrick
United States Magistrate Judge